## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

STEPHAN JONES,      )
           )
    Plaintiff,    )
           )
  v.        )   No. 1:20-cv-00083-PLC
           )
JASON FINCH, et al.,    )
           )
    Defendants.   )

## MEMORANDUM AND ORDER

This matter comes before the Court on review pursuant to 28 U.S.C. § 1915 of pro se plaintiff Stephan Jones's complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form.  The Court also directs Plaintiff to either file a motion for leave to proceed in forma pauperis or pay the $400 filing fee.

### Background

On April 8, 2020, twenty inmates at the Ste. Genevieve Detention Center, including plaintiff, filed a lawsuit pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint named six defendants. The focus of the complaint is an allegation that defendants were deliberately indifferent to plaintiffs' health and safety. Specifically, plaintiffs allege that defendants did not wear proper protective equipment during the month of March 2020, thereby failing to protect them from potential exposure to and spread of the COVID-19 virus.[1]

The Court does not allow multiple prisoners to join their claims in a single lawsuit. *See*

---

[1] COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which originated in China, and has spread globally, resulting in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, No. 20-1791, 2020 WL 1933122, at *1 (8th Cir. Apr. 22, 2020).

Fed. R. Civ. P. 20. As such, the case was severed, and new cases were opened for each individual plaintiff. (Docket No. 2). The instant case is one of the newly-created cases brought by a plaintiff who was severed from the original complaint.

### Discussion

As noted above, the Court opened the instant case for plaintiff after he was severed from a multi-plaintiff prisoner civil rights action. For the reasons discussed below, the complaint is defective. However, plaintiff will be allowed to file an amended complaint.

### A. Deficiencies in Complaint

The first deficiency in plaintiff's complaint is that it is not signed by plaintiff. Rule 11(a) of the Federal Rules of Civil Procedure requires a party not represented by an attorney to personally sign all of his pleadings, motions, and other papers. Fed. R. Civ. P. 11(a). This rule further requires a court to "strike an unsigned paper unless the omission is promptly corrected after being called to the…party's attention." *Id*. Similarly, the local rules for the United States District Court for the Eastern District of Missouri require a party not represented by an attorney to sign the party's filings. E.D. Mo. L.R. 2.01(A)(1).

The second deficiency in the complaint is that it alleges violations of the rights of a group of inmates as a whole. While federal law authorizes plaintiff to plead his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Moreover, a pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel…"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating

2

that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file a signed, amended complaint setting forth his own claims for relief. Plaintiff should prepare his amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth

as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

4

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C.  Motion to Proceed in Forma Pauperis

If plaintiff decides to file an amended complaint, he must either submit a motion for leave to proceed in forma pauperis, or pay the full $400 filing fee. Plaintiff will have thirty days in which to comply. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice. To assist plaintiff, the Clerk of Court will send plaintiff a copy of the Court's motion to proceed in forma pauperis form. If plaintiff elects to file a motion for leave to proceed in forma pauperis, he must also include a copy of his certified inmate account statement for the six-month period immediately preceding the filing of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form and a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court-

provided form within **thirty (30) days** after the date of this order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis on the provided form within **thirty (30) days** after the date of this order.

**IT IS FURTHER ORDERED** that, if plaintiff files a motion for leave to proceed in forma pauperis, he must also submit a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that, if plaintiff fails to file an amended complaint within **thirty (30) days** after the date of this order in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

**IT IS FINALLY ORDERED** that, if plaintiff fails pay the $400 filing fee or fails to file a motion for leave to proceed in forma pauperis within **thirty (30) days** after the date of this order, the Court will dismiss this action without prejudice and without further notice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of April, 2020