UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STEPHAN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-00083-PLC |
| | ) |
| JASON FINCH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On April 24, 2020, the Court ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the full filing fee. (Docket No. 4). He was also directed to submit an amended complaint on a Court form. Plaintiff has failed to comply with this order. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who is an inmate at the Ste. Genevieve Detention Center in Ste. Genevieve, Missouri. On April 8, 2020, he was one of twenty inmates who filed a joint lawsuit pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint named six defendants, and alleged that they were deliberately indifferent to plaintiffs' health and safety. Specifically, plaintiffs alleged that defendants did not wear proper protective equipment during the month of March 2020, thereby failing to protect them from potential exposure to and spread of the COVID-19 virus.[1]

---

[1] COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which originated in China, and has spread globally, resulting in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 2020 WL 1933122, at *1 (8th Cir. 2020).

The Court does not allow multiple prisoners to join together in a single lawsuit. *See* Fed. R. Civ. P. 20. As such, the case was severed, and new cases were opened for each individual plaintiff. (Docket No. 2). The instant case was one of the newly-created cases brought by a plaintiff who was severed from the original complaint.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and found that it was subject to dismissal. (Docket No. 4). In particular, the Court noted that plaintiff had not signed the complaint, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a). Furthermore, the complaint alleged violations of the rights of a group of inmates as a whole, rather than presenting plaintiff's own personal allegations of harm.

Because plaintiff was proceeding pro se, the Court gave him an opportunity to amend his complaint. Instructions were included in the order to aid plaintiff in so doing. Plaintiff was also advised of the necessity of either paying the filing fee or filing a motion for leave to proceed in forma pauperis. The Court directed that the Clerk of Court send to plaintiff a copy of the Court's civil rights complaint form, and a copy of the Court's motion for leave to proceed in forma pauperis form. Plaintiff was given thirty days in which to comply. He was warned that failure to comply would result in the dismissal of his case without prejudice and without further notice.

## Discussion

As noted above, on April 24, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. He was also directed to either pay the filing fee or file a motion for leave to proceed in forma pauperis. Plaintiff's response was due on May 26, 2020.

The deadline for plaintiff to submit a response has expired. Indeed, the Court has given him substantially more than thirty days in which to comply. Nevertheless, plaintiff has failed to file an amended complaint, and he has neglected to either file a motion for leave to proceed in

forma pauperis or pay the filing fee. Moreover, plaintiff has not filed a motion seeking an extension of time in which to comply. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of April 24, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of April 24, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of August, 2020.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE